# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

LINCOLN BENEFIT LIFE COMPANY,

        Plaintiff,

  v.

AEI LIFE, LLC; ALS CAPITAL VENTURES, LLC; JOEL JACOB; INNOVATIVE BROKERS; and JRJ SERVICES, INC.,

        Defendants.
_____

Case No.: 13-cv-04117

**PLAINTIFF LINCOLN BENEFIT LIFE COMPANY'S RESPONSE TO DEFENDANT ALS CAPITAL VENTURES, LLC'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................. 1

II.   Relevant Facts ............................................................................................ 2

III.  Legal Standard ........................................................................................... 3

IV.  Analysis ..................................................................................................... 5

      A.    This Court has personal jurisdiction over ALS ................................ 5

      B.    Discovery is warranted to confirm that the Court has personal
             jurisdiction over ALS ........................................................................ 9

V.   Conclusion ............................................................................................... 11

# **TABLE OF AUTHORITIES**

Page

*Alchemie Int'l., Inc. v. Metal World, Inc.*
   523 F. Supp. 1039 (D.N.J. 1981)..................................................................................7

*Am. Gen. Life Ins. Co. v. Berger,* No. 10-3377,
   2011 U.S. Dist. LEXIS 8435 (D.N.J. Jan. 28, 2011) ............................................10

*Apollo Techs. Corp. v. Centrosphere Indus.Corp.*
   805 F. Supp. 1157 (D.N.J. 1992)..............................................................................4, 6

*Associated Bus. Tel. Sys. Corp. v. Danihels*
   829 F. Supp. 707 (D.N.J. 1993)..................................................................................4

*Burger King Corp.v. Rudzewicz,*
   471 U.S. 462 (1985) ..................................................................................................4, 6

*Compagnie Des Bauxites De Guinee v.*
*L'Union Atlantique S.A. D'Assurances,*
   723 F.2d 359 (3rd Cir. 1985).............................................................................. 10, 11

*Fraley v. Chesapeake & Ohio Railway*
   397 F.2d 1 (3d Cir. 1968) ..........................................................................................10

*Hanson v. Denckla*
   357 U.S. 235 (1958) ....................................................................................................4

*Helicopteros Nacionales de Colombia v. Hall*
   466 U.S. 408 (1984) ....................................................................................................6

*IMO Indus. v. Kiekert AG*
   155 F.3d 254 (3d Cir. 1998) ....................................................................................4,7

*Koff v. Brighton Pharm., Inc.*
   709 F. Supp. 520, 526 (D.N.J. 1988)........................................................................7

*Lakeside Bridge & Steel Co. v. Mountain State Constr.Co.*
   597 F.2d 596 (7th Cir. 1979),
   *cert denied*, 445 U.S. 907 (1980) ...................................................................................7

*Mass. Sch. of Law at Andover v. ABA*
   107 F.3d 1026 (3d Cir. Pa. 1997) ...................................................................................11

*Mgmt. Recruiters Int'l v. Corbin*, No. 1:13-cv-0244,
   2013 U.S. Dist. LEXIS 69736 (N.D. Ohio May 16, 2013) ..............................................7

*O'Hare Int'l Bank v. Hampton*
   437 F.2d 1173 (7th Cir. 1971) .........................................................................................2

*Product Promotions, Inc. v. Cousteau*
   495 F.2d 483 (5th Cir. 1974) ...........................................................................................7

*Renner v. Lanard Toys*
   33 F.3d 277 (3d Cir. 1994) ..............................................................................................3

*Shaffer v. Heitner,*
   433 U.S. 186 (1977)) .......................................................................................................5

*Smith v. S&S Dundalk Eng'g Works, Ltd.*
   139 F. Supp. 2d 610 (D.N.J. 2001) .................................................................................6

*Sw. Offset, Inc. v. Hudco Publ'g Co.*
   622 F.2d 149 (5th Cir. 1980) ...........................................................................................7

*U. S. Ry. Equip. Co. v. Port Huron & Detroit R. Co.*
   495 F.2d 1127 (7th Cir. 1974) .........................................................................................7

*World-Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980) ........................................................................................................5

**Other Authorities**

Restatement (Second) of Conflict of Laws § 50 (1971) ..........................................................9

I.      **INTRODUCTION**

This case arises from the fraudulent procurement of two life insurance policies for the benefit of third-party investors. Defendant ALS Capital Ventures, LLC ("ALS") is the record owner and beneficiary of one of the policies. ALS contends that the Court does not have personal jurisdiction over ALS because it is "a Delaware entity with its principal place of business in New York." But ALS' citizenship and principal place of business are not determinative. ALS is believed to have had specific involvement in the fraudulent procurement of the policy. Separate and apart from its involvement in the procurement of the policy, ALS knowingly purchased the policy, which, by its own terms and pursuant to choice of law principles, is governed by New Jersey law. ALS' ownership and maintenance of the New Jersey policy constitute purposeful availment and suffice to provide notice to ALS that it may be hailed into court in New Jersey. Nevertheless, in the event the Court disagrees that ALS' specific contacts with New Jersey are insufficient, limited jurisdictional discovery is warranted to confirm the extent to which ALS maintains "continuous and systematic" contacts with New Jersey to establish general personal jurisdiction.

## II. <u>RELEVANT FACTS</u>[1]

Lincoln Benefit Life Company ("Lincoln Benefit") commenced this lawsuit on July 3, 2013, seeking declaratory relief and damages in connection with two policies of life insurance issued on the life of Gabriella Fischer. *See* D.E. 1 (Compl.). Lincoln Benefit alleged that neither policy was ever intended to serve the estate planning needs of Ms. Fischer; nor did the policies provide financial protection to the Fischer family. Instead, from inception the policies were mere wagers. *Id.* at ¶28. Thus, according to Lincoln Benefit, the policies are void *ab initio*.

One of the subject policies is Policy No. 01N1404844. *Id.* at ¶27. The illustration for the policy was "[p]resented in New Jersey." Ex. B (Illustration). The application for the policy was signed in Lakewood, New Jersey. *See* Ex. A (Application). All related documents (*i.e.*, the amendment to the application) were similarly signed in Lakewood, New Jersey. *Id.* Consistent with the New Jersey occurrences leading up to the procurement of the policy, the policy clearly states "This [policy] is subject to the laws of the state where the application was signed [i.e., New Jersey]." *See* Ex. A (Policy) at 16 ("Conformity With State Law").

---

[1] The facts set forth herein are derived from the Complaint (D.E. 1) and the facts contained in ALS' motion to dismiss (D.E. 16).

At all relevant times hereto, ALS was in the business of purchasing life insurance policies. *See* Ex. C (Ownership and Beneficiary Change Forms). Although ALS was not designated as the original owner and beneficiary of the policy, on or around August 8, 2011, ALS submitted to Lincoln Benefit forms pursuant to which ALS assumed its now-current status as record owner and beneficiary of the policy. *Id.*

### III. <u>LEGAL STANDARD</u>

In determining whether a federal court may assert personal jurisdiction over an out-of-state defendant, the court "must first determine whether the exercise of jurisdiction is authorized under the state (or appropriate federal) long-arm statute." *Renner v. Lanard Toys*, 33 F.3d 277, 279 (3d Cir. 1994). New Jersey's long-arm statute permits a court to exercise personal jurisdiction to "the fullest limits of due process." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

"Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For the court to have personal jurisdiction over a defendant, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)). Whether a defendant has purposeful conduct in the forum depends on a

3

defendant's contacts with the state. *Apollo Techs. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1182 (D.N.J. 1992).

These contacts should make it reasonably foreseeable for a defendant to anticipate being haled into court there. *Id.* Importantly, "[t]he 'purposeful availment' requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another person.'" *Id.,* 1183 (quoting *Burger King Corp.v. Rudzewicz,* 471 U.S. 462, 475 (1985)). Rather, based on its purposeful conduct, a defendant should be able to anticipate being haled into court in the forum state. *See Associated Bus. Tel. Sys. Corp. v. Danihels*, 829 F. Supp. 707, 710 (D.N.J. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)) ("The contacts between a defendant and the forum must demonstrate that the defendant 'has [purposefully] availed itself of the benefits and protection of that state,' and that a defendant 'should reasonably anticipate being haled into court there.'").

Depending on the type of contacts a defendant has with the forum state, courts may assert specific or general jurisdiction over a defendant. A court can assert specific jurisdiction over a defendant where the cause of action arises out of or is related to the defendant's contacts with the forum. *Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 617 (D.N.J. 2001) (citing *Helicopteros*

4

*Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)). A court can assert general jurisdiction, on the other hand, over a defendant who has maintained "continuous and systematic" contacts with the forum. *Smith*, 139 F. Supp. 2d at 618 (citing *Helicopteros*, 466 U.S. at 416).

IV. **ANALYSIS**

    A. **This Court has personal jurisdiction over ALS.**

ALS is the record owner and beneficiary of the life insurance policy that is the subject of this lawsuit. The dispute herein concerns the facts and circumstances giving rise to the procurement of the subject policy, most of which are believed to have occurred in New Jersey and in which ALS is believed to have been involved. Furthermore, the subject policy was issued on New Jersey forms in accordance with New Jersey-specific insurance regulations. By its plain terms, the policy is governed by New Jersey law. For these reasons, ALS has purposefully availed itself of the possibility of suit in New Jersey, and personal jurisdiction is warranted.

As noted above, if it can be shown that the defendant purposefully availed itself of the privilege of conducting activity within a state, then the court likely has jurisdiction. *See IMO Indus.*, 155 F.3d at 259 . The point of the Supreme Court's purposeful availment requirement is so that a defendant can reasonably anticipate being haled into court in a particular jurisdiction, and to ensure that a defendant is

5

not haled into court as a result of "'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another person.'" *Apollo Techs. Corp.* 805 F. Supp. at 1183 (citing *Burger King Corp.,* 471 U.S. at 475).

Importantly, "[t]here is ample authority holding that a choice-of-law provision favoring the forum state weighs in favor of [personal] jurisdiction." *Koff v. Brighton Pharm. Inc.*, 709 F. Supp. 520, 526 (D.N.J. 1988). New Jersey district courts, consistent with other federal district courts and courts of appeals, have recognized that a choice of law provision in a contract regarding the application of New Jersey law "militates in favor of jurisdiction." *Alchemie Int'l, Inc. v. Metal World, Inc.*, 523 F. Supp. 1039, 1051 (D.N.J. 1981) (citing *Sw. Offset, Inc. v. Hudco Publ'g Co.*, 622 F.2d 149, 152 (5th Cir. 1980); *U. S. Ry. Equip. Co. v. Port Huron & Detroit R. Co.*, 495 F.2d 1127, 1130 (7th Cir. 1974); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 498 n.27 (5th Cir. 1974); *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1177 (7th Cir. 1971)); *see also Mgmt. Recruiters Int'l v. Corbin*, No. 1:13-CV-0244, 2013 U.S. Dist. LEXIS 69736, at *13 (N.D. Ohio May 16, 2013) (the choice of law provision in the contract "suffices to apprise Corbin that he may be hailed into [federal] Court" in that forum).

In *Alchemie*, the district court relied in part on a decision issued by the Seventh Circuit, which deemed highly relevant the "fact that the guaranty was to be construed according to Illinois law and performed in that state." 523 F. Supp. at

6

1051. (citing *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596 (7th Cir. 1979), *cert. denied*, 445 U.S. 907 (1980)). In *Lakeside*, the Seventh Circuit held that the choice of law provision demonstrated that the defendants "invoked the benefits and protection" of the state of Illinois. *Id.* at 603.

Here, ALS presumes that because it allegedly had no involvement in the initial procurement of the policy, personal jurisdiction is lacking. *See* ALS Mot. (D.E. 16) at 8. But it is Lincoln Benefit's position that ALS *was* involved in the original procurement of the policy.[2] By way of example, Lincoln Benefit has reason to believe that the STOLI promoters, including ALS and/or its executives, selected New Jersey as the forum state based on the commission structure allowable in New Jersey, which may permit more upfront commissions in certain circumstances. In other words, the selection of New Jersey was deliberate. And Lincoln Benefit believes that ALS and/or its executives played a role in the deliberate selection of New Jersey as the forum state. Such involvement suffices for personal jurisdiction.

Even assuming *arguendo* that ALS did not have any role in the original procurement of the policy, the application was signed in New Jersey, a fact that ALS does not dispute. Nor does ALS dispute that it knowingly purchased the

---

[2] In Section B, *supra*, Lincoln Benefit respectfully requests limited jurisdictional discovery to confirm the extent to which ALS was involved in the original procurement of the policy.

7

policy, which is clearly governed by New Jersey law according to its plain terms: "This [policy] is subject to the laws of the state where the application was signed." *See* Ex. A at 16 ("Conformity With State Law"). This policy provision is consistent with general choice of law principles in the context of life insurance and the application of New Jersey law.[3] Finally, ALS does not dispute that it executed the Change of Beneficiary form pursuant to which it acknowledged that "th[e] change [wa]s subject to the provision and limitations found in the policy/contract." *See* Ex. C (Ownership and Beneficiary Change Forms).

As the district court suggested in *Alchemie*, New Jersey has a strong interest in providing a forum for parties to resolve disputes related to contracts governed by New Jersey law. New Jersey also has an interest in the in-state impact of the fraudulent procurement of a policy. *Cf.* Restatement (Second) of Conflict of Laws § 50 (1971). ALS cannot now escape liability by disclaiming any connection to New Jersey. ALS purposefully availed itself of the privilege of conducting business in New Jersey by purchasing a policy that is clearly governed by New Jersey law, issued in accordance with the New Jersey Insurance Code, and executed by all parties in the state of New Jersey. As the successor-in-interest to

---

[3] In determining which state's laws apply in a life insurance dispute, courts generally seek to determine the state with which the insurance contract "had its most significant relationship" or in which state the insurance contract's "grouping of contacts or center of gravity" are. *See* Appleman on Insurance 2d §§ 184.01 (Understanding Conflict of Laws in Life Insurance). Factors that go into this determination include, *inter alia*, where the policy was issued or the contract was made and where the policy was signed and witnessed. *Id.*

8

the original owner of the policy, ALS could reasonably anticipate being haled into court in New Jersey. Suit against ALS in New Jersey cannot be called a result of "random, fortuitous, or attenuated contacts."

### B. Discovery is warranted to confirm that the Court has personal jurisdiction over ALS.

In addition to the facts described above establishing specific personal jurisdiction, upon information and belief, ALS generally conducts business in all fifty states, including New Jersey. More specifically, although ALS claims it does not have any offices or personnel in New Jersey, *see* ALS Mot. (D.E. 16) at 10, ALS acknowledged that it is in the business of purchasing life insurance policies, and presumably many of the policies that it purchases are issued on New Jersey forms and/or issued on the lives of New Jersey residents. In connection with its purchases of such policies, it is highly likely that ALS maintains a "continuous and systematic" relationship with this forum.

Although "the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction," *Compagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 359, 362 (3rd Cir. 1983), limited discovery is often permitted to allow the plaintiff access to information concerning forum-related contacts. The Third Circuit has held that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging

9

that burden." *Id.* (citing *Fraley v. Chesapeake & Ohio Railway,* 397 F.2d 1 (3d Cir. 1968)).

This District Court has specifically explained that jurisdictional discovery is appropriate when the existing record may not support personal jurisdiction, but when a plaintiff can show that discovery will allow for supplemental jurisdictional allegations. *Am. Gen. Life Ins. Co. v. Berger*, No. 10-3377, 2011 U.S. Dist. LEXIS 8435, at *5 (D.N.J. Jan. 28, 2011). Indeed, there is a greater presumption to allow for jurisdictional discovery relating to business defendants and whether they are conducting business in a particular state, as opposed to individual defendants. *Mass. Sch. of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. Pa. 1997). The district court has discretion to determine the scope of discovery, but the Third Circuit has held that it must be broad enough to allow the plaintiff to pursue both minimum contacts and continuous and systematic contacts, "at least until one or the other is conclusively ruled out." *Compagnie*, 723 F.2d at 362-63.

Here, narrow jurisdictional discovery will enable Lincoln Benefit to show the extent to which ALS was involved in the original procurement of the policy. To the extent the Court disagrees that it has specific jurisdiction over ALS based on the current record, such discovery will be relevant to the question of specific jurisdiction. Discovery will also reveal the extent to which ALS maintains a general presence in New Jersey as "continuous and systemic contacts."

10

Continuous and systematic business activity in New Jersey would afford the Court general jurisdiction over ALS.

## V.     CONCLUSION

ALS' motion to dismiss should be denied because the Court has personal jurisdiction over ALS. Lincoln Benefit alternatively requests the opportunity to take limited jurisdictional discovery to confirm the nature and extent of ALS' contacts with New Jersey.

Dated:     October 21, 2013

By:   /s/ *Katherine L. Villanueva*
Jason P. Gosselin
Katherine L. Villanueva
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
(215) 988-2535
Jason.Gosselin@dbr.com

## CERTIFICATE OF SERVICE

I, Katherine Villanueva, hereby certify that I caused a true and correct copy of the foregoing document to be served on the following parties via ECF and E-mail:

MICHAEL PANETH
TREFF & LOWY PLLC
342 BEDFORD AVENUE
BROOKLYN, NY 11249
718-599-3500
Fax: 718-387-6282
Email: mpaneth@trefflowy.com

*Attorney for ALS Capital Ventures, LLC*

AVI ROSENGARTEN
1704 AVENUE M
BROOKLYN, NY 11230
718-627-4460
Email: rosengartenlaw@gmail.com

*Attorney for Joel Jacob and JRJ Services*

DAVID BENHAIM
LIPSIUS-BENHAIM LAW, LLP
80-02 KEW GARDENS ROAD
SUITE 1030
KEW GARDENS, NY 11415
212-981-8440
Fax: 888-442-0284
Email: dbenhaim@lipsiuslaw.com

*Attorney for Innovative Brokers*

                                                     /s Katherine Villanueva
                                                        Katherine Villanueva