**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

LINCOLN BENEFIT LIFE COMPANY,

                  Plaintiff,

        v.

AEI LIFE, LLC; ALS CAPITAL VENTURES,    Case No.: 13-cv-04117
LLC; JOEL JACOB; INNOVATIVE BROKERS;
and JRJ SERVICES, INC.,

                  Defendants.

_____

**PLAINTIFF LINCOLN BENEFIT LIFE COMPANY'S RESPONSE TO
DEFENDANT AEI LIFE, LLC'S MOTION TO DISMISS THE
COMPLAINT FOR LACK OF JURISDICTION**

## I.    INTRODUCTION

This case arises from the fraudulent procurement of life insurance policies

for the benefit of third-party investors.  Defendant AEI Life, LLC ("AEI"), is the

current record owner and beneficiary of one of the policies.  AEI contends that the

Court lacks both personal and subject matter jurisdiction.

AEI first argues the Court lacks personal jurisdiction over AEI on the basis

that AEI "is neither a New Jersey citizen nor a New Jersey domiciliary," nor does

it have its principal address in New Jersey.  AEI claims that it does not have

sufficient contacts with New Jersey to allow the Court to exercise either specific or general personal jurisdiction.  However, AEI knowingly purchased the policy, which, by its own terms and pursuant to choice of law principles, is governed by New Jersey law.  AEI's ownership and maintenance of the New Jersey policy constitute purposeful availment and suffice to provide notice to AEI that it could be haled into court in New Jersey.  Nevertheless, in the event that the Court disagrees that AEI's specific contacts with New Jersey are sufficient, limited jurisdictional discovery is warranted to confirm the extent to which AEI maintains continuous and systematic contacts with New Jersey to establish general personal jurisdiction.

AEI alternatively seeks to dismiss the complaint based on a suggestion that subject matter jurisdiction may be lacking.  Notably, at no point has AEI asserted that any of the defendants is non-diverse.  Nor has AEI affirmatively stated that subject matter jurisdiction is lacking.  This is because AEI has no information to support such a proposition.  As properly alleged in the complaint based on publicly available information, none of the defendants is a citizen of Nebraska, and there is complete diversity.  To the extent the Court requires additional information and/or deems relevant the citizenship of the individual members of the LLC-defendant, Lincoln Benefit Life Company ("Lincoln Benefit") respectfully submits that such

information is not available to Lincoln Benefit and jurisdictional discovery is

warranted.

## II.    <u>RELEVANT FACTS</u>

In this lawsuit, Lincoln Benefit seeks declaratory relief and damages in

connection with two policies of life insurance issued on the life of Gabriella

Fischer.  *See* D.E. 1 (Compl.). Lincoln Benefit alleged that neither policy was

intended to serve the estate planning needs of Ms. Fischer; nor did the policies

provide financial protection to the Fischer family.  Instead, from inception the

policies were mere wagers.  *Id.* at ¶ 28.  Thus, according to Lincoln Benefit, the

policies are void *ab initio.*

One of the subject policies is Policy No. 01N1404934.  *Id.* at ¶ 27.  The

illustration for the policy was "[p]resented in the state of New Jersey."  Ex. A

(Illustration).  The application for the policy was signed in Lakewood, New Jersey.

*See* Ex. B (Application).  All related documents (*i.e.*, the amendment to the

application) were similarly signed in Lakewood, New Jersey.  *Id.*  Consistent with

the New Jersey occurrences leading up to the procurement of the policy, the policy

clearly states, "This [policy] is subject to the laws of the state where the application

was signed [i.e., New Jersey]."  *See* Ex. C (Policy) at 16 ("Conformity With State

Law").  At all relevant times, AEI was in the business of purchasing life insurance

policies.  *See generally* Ex. D (Ownership and Beneficiary Change Forms).

Although AEI was not designated as the original owner and beneficiary of the policy, on or around August 31, 2011, AEI submitted to Lincoln Benefit forms pursuant to which AEI assumed its now-current status as record owner and beneficiary of the policy. *Id.*

Lincoln Benefit sued the record owners and beneficiaries of the policies (AEI; ALS Capital Ventures, LLC), the producer who was responsible for the procurement of the policies (Joel Jacob), and the general agencies that were involved in and responsible for the procurement of the policies (JRJ Services, Inc.; Innovative Brokers). Prior to filing the complaint, Lincoln Benefit researched publicly available information, civil dockets, and various business-related search engines, which confirmed that *none* of the defendants was a citizen of Nebraska. *See* Ex. E (Affidavit of K. Villanueva). In the complaint, Lincoln Benefit alleged the respective citizenship of each defendant as follows:

**PARTIES**

7.      Plaintiff Lincoln Benefit is a citizen of the State of Nebraska. Lincoln Benefit is a life insurance company organized and existing under the laws of Nebraska, with its principal place of business at 2940 South 84th Street, Lincoln, NE 68506.

8.      Upon information and belief, Defendant AEI Life, LLC is a citizen of and domiciled in the State of New York, and Defendant AEI Life, LLC maintains its principal address at 1428 36th Street, Ste. 219, Brooklyn, New York 11218. Defendant AEI Life, LLC is the record owner of Policy No. 01N1404934.

4

9.  Upon information and belief, Defendant ALS Capital Ventures, LLC is a citizen of and domiciled in the State of Delaware.  Defendant ALS Capital Ventures is the record owner of Policy No. 01N1404844.

10.  Defendant Joel Jacob is a natural person and a citizen of the state of New York, residing at 17 Chevron Road, Unit 302, Monroe, New York 10950

11.  Upon information and belief, Defendant Innovative Brokers is a New York corporation with its principal place of business at 1276 50th Street, Brooklyn, New York 11211. Innovative Brokers is therefore a citizen of New York.

12.  Upon information and belief, Defendant JRJ Services, Inc., is a New York corporation with its principal place of business at 17 Chevron Road, Unit 302, Monroe, New York 10950.  JRJ Services, Inc. is therefore a citizen of New York.

*See* Compl. ¶¶ 8-12.

Because Lincoln Benefit did not have first-hand knowledge of the information supporting the citizenship designations (*i.e.*, its allegations were based on public records), Lincoln Benefit prefaced its allegations "upon information and belief." *Id.*  Further, since information concerning the citizenship of the members of AEI was not (and is not) available to Lincoln Benefit, Lincoln Benefit did not allege such information on the face of the complaint.

5

III.   **ANALYSIS**

A.   **Personal Jurisdiction**

1.   Legal framework.

In determining whether a federal court may assert personal jurisdiction over an out-of-state defendant, the court "must first determine whether the exercise of jurisdiction is authorized under the state (or appropriate federal) long-arm statute." *Renner v. Lanard Toys*, 33 F.3d 277, 279 (3d Cir. 1994).  New Jersey's long-arm statute permits a court to exercise personal jurisdiction to "the fullest limits of due process."  *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

"Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'"  *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For the court to have personal jurisdiction over a defendant, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)).  Whether a defendant has purposeful conduct in the forum depends on a defendant's contacts with the state.  *Apollo Techs. Corp. v. Centrosphere Indus. Corp.,* 805 F. Supp. 1157, 1182 (D.N.J. 1992).

These contacts should make it reasonably foreseeable for a defendant to anticipate being haled into court there.  *Id.*  Importantly, "[t]he 'purposeful

6

availment' requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another person.'" *Id.* at 1183 (quoting *Burger King Corp.v. Rudzewicz,* 471 U.S. 462,475 (1985)). Rather, based on its purposeful conduct, a defendant should be able to anticipate being haled into court in the forum state. *See Associated Bus. Tel. Sys. Corp. v. Danihels,* 829 F. Supp. 707, 710 (D.N.J. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)) ("The contacts between a defendant and the forum must demonstrate that the defendant 'has [purposefully] availed itself of the benefits and protection of that state,' and that a defendant 'should reasonably anticipate being haled into court there.'").

Depending on the type of contacts a defendant has with the forum state, courts may assert specific or general jurisdiction over a defendant. A court can assert specific jurisdiction over a defendant where the cause of action arises out of or is related to the defendant's contacts with the forum. *Smith v. S&S Dundalk Eng'g Works, Ltd.,* 139 F. Supp. 2d 610, 617 (D.N.J. 2001) (citing *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 416 (1984)). A court can assert general jurisdiction, on the other hand, over a defendant who has maintained "continuous and systematic" contacts with the forum. *Smith,* 139 F. Supp. 2d at 618 (citing *Helicopteros,* 466 U.S. at 416).

7

2.   <u>This Court has personal jurisdiction over AEI.</u>

AEI is the record owner and beneficiary of the life insurance policy that is the subject of this lawsuit. The subject policy was issued on New Jersey forms in accordance with New Jersey-specific insurance regulations. By its plain terms, the policy is governed by New Jersey law.  For these reasons, AEI has purposefully availed itself of the possibility of suit in New Jersey, and personal jurisdiction is warranted.

As noted above, if it can be shown that the defendant purposefully availed itself of the privilege of conducting activity within a state, then the court likely has jurisdiction. *See IMO Indus.,* 155 F.3d at 259. The point of the Supreme Court's purposeful availment requirement is so that a defendant can reasonably anticipate being haled into court in a particular jurisdiction, and to ensure that a defendant is not haled into court as a result of "'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another person.'" *Apollo Techs. Corp.* 805 F.Supp. at 1183 (citing *Burger King Corp.,* 471 U.S. at 475).

Importantly, "[t]here is ample authority holding that a choice-of-law provision favoring the forum state weighs in favor of [personal] jurisdiction." *Koff v. Brighton Pharm. Inc.,* 709 F. Supp. 520, 526 (D.N.J. 1988).  New Jersey district courts, consistent with other federal district courts and courts of appeals, have recognized that a choice of law provision in a contract regarding the application of

New Jersey law "militates in favor of jurisdiction." *Alchemie Int '1, Inc. v. MetalWorld, Inc.,* 523 F. Supp. 1039, 1051 (D.N.J. 1981) (citing *Sw. Offset, Inc. v. Hudco Publ'g Co.,* 622 F.2d 149, 152 (5th Cir. 1980); *US. Ry. Equip. Co. v. Port Huron & Detroit R. Co.,* 495 F.2d 1127, 1130 (7th Cir. 1974); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 498 n.27 (5th Cir. 1974); *O'Hare Int'l Bank v. Hampton,* 437 F.2d 1173, 1177 (7th Cir 1971)); see also *Mgmt. Recruiters Int'l v. Corbin,* No. 1:13-CV-0244, 2013 U.S. Dist. LEXIS 69736, at *13 (N.D.Ohio May 16, 20 13) (the choice of law provision in the contract "suffices to apprise [the defendant] that he may be hailed into [federal] Court" in that forum).

In *Alchemie,* the district court relied in part on a decision issued by the Seventh Circuit, which deemed highly relevant the "fact that the guaranty was to be construed according to Illinois law and performed in that state."  523 F. Supp. at 1051. (citing *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.,* 597 F.2d 596 (7th Cir. 1979), *cert. denied,* 445 U.S. 907 (1980)).  In *Lakeside,* the Seventh Circuit held that the choice of law provision demonstrated that the defendants "invoked the benefits and protection" of the state of Illinois.  *Id.* at 603.

Even assuming *arguendo* that AEI did not have any role in the original procurement of the policy as set forth in AEI's supporting affidavit, the application was signed in New Jersey, a fact that AEI does not dispute.  Nor does AEI dispute that it knowingly purchased the policy, which is clearly governed by New Jersey

9

law according to its plain terms: "This [policy] is subject to the laws of the state where the application was signed." *See* Ex. C at 16 ("Conformity With State Law"). This policy provision is consistent with general choice of law principles in the context of life insurance and the application of New Jersey law.[1]  Finally, AEI does not dispute that it executed the Change of Beneficiary form pursuant to which it acknowledged that "th[e] change [wa]s subject to the provision and limitations found in the policy/contract."  *See* Ex. D (Ownership and Beneficiary Change Forms).

As the district court suggested in *Alchemie,* New Jersey has a strong interest in providing a forum for parties to resolve disputes related to contracts governed by New Jersey law. New Jersey also has an interest in the in-state impact of the fraudulent procurement of a policy.  *Cf.* Restatement (Second) of Conflict of Laws § 50 (1971).   AEI cannot now escape liability by disclaiming any connection to New Jersey.  AEI purposefully availed itself of the privilege of conducting business in New Jersey by purchasing a policy that is clearly governed by New Jersey law, issued in accordance with the New Jersey Insurance Code, and executed by all parties in the state of New Jersey. As the successor-in-interest to

---

[1] In determining which state's laws apply in a life insurance dispute, courts generally seek to determine the state with which the insurance contract "had its most significant relationship" or in which state the insurance contract's "grouping of contacts or center of gravity" are.  *See* Appleman on Insurance 2d §§ 184.01 (Understanding Conflict of Laws in Life Insurance). Factors that go into this determination include, *inter alia,* where the policy was issued or the contract was made and where the policy was signed and witnessed. *Id.*

the original owner of the policy, AEI could reasonably anticipate being haled into court in New Jersey. Suit against AEI in New Jersey cannot be called a result of "random, fortuitous, or attenuated contacts."

Alternatively, the Court should allow Lincoln Benefit to take jurisdictional discovery to obtain information regarding AEI's contacts with New Jersey. Although "the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction," *Compagnie Des Bauxites De Guinee v. L 'Union Atlantique SA. D 'Assurances,* 723 F.2d 359, 362 (3rd Cir. 1983), limited discovery is often permitted to allow the plaintiff access to information concerning forum-related contacts.  The Third Circuit has held that "[w]here the plaintiffs claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.  *Id.* (citing *Fraley v. Chesapeake & Ohio Railway,* 397 F.2d 1 (3d Cir. 1968)).

This District Court has specifically explained that jurisdictional discovery is appropriate when the existing record may not support personal jurisdiction, but when a plaintiff can show that discovery will allow for supplemental jurisdictional allegations. *Am. Gen. Life Ins. Co.* v. Berger, No. 10-3377, 2011 U.S. Dist. LEXIS 8435 at *5 (D.N.J. Jan. 28, 2011). Indeed, there is a greater presumption to allow

for jurisdictional discovery relating to business defendants and whether they are conducting business in a particular state, as opposed to individual defendants. *Mass. Sch. of Law at Andover v. ABA,* 107 F.3d 1026, 1042 (3d Cir. 1997). The district court has discretion to determine the scope of discovery, but the Third Circuit has held that it must be broad enough to allow the plaintiff to pursue both minimum-contacts and continuous and systematic contacts, "at least until one or the other is conclusively ruled out." *Compagnie,* 723 F.2d at 362-63.

Here, narrow jurisdictional discovery will enable Lincoln Benefit to obtain information regarding whether AEI maintains "continuous and systematic contacts" in New Jersey, providing the Court with general personal jurisdiction. Although AEI contends that AEI "does not have any personnel, offices, or facilities in New Jersey, nor does it advertise, solicit, or conduct any business in New Jersey," Lincoln Benefit is entitled to take discovery regarding the veracity of this contention, particularly based on the undisputed fact that AEI purchased at least one policy under New Jersey law. The purchase of other New Jersey policies may suffice as continuous and systematic contact with New Jersey, as AEI could reasonably anticipate being haled into New Jersey court as a result of its purchases.

B.   **Subject-Matter Jurisdiction**

1.   Legal framework.

A federal court may assert subject matter jurisdiction under 28 U.S.C.S. §1332(a)(1), where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  Thus, the party asserting jurisdiction in federal court must allege each party's citizenship, and these allegations must show that the plaintiff and the defendant(s) are citizens of different states.  There must be complete diversity: each defendant must be from a different state from each plaintiff.  *Barillari v. Ski Shawnee, Inc.,* Case No. 3: 12-cv-34, 2012 U.S. Dist. LEXIS 4998, at *3 (M.D. Pa. Jan. 17, 2012).  In determining a corporation's citizenship for diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332( c )(1 ). A limited liability company is a citizen of each state where its members are citizens. *Zambelli Fireworks Mfg. Co.* v. *Wood,* 592 F.3d 412, 418 (3d Cir. 2010).

There are two types of challenges to subject matter jurisdiction: facial attacks and factual attacks. *Wells Fargo Bank, N.A.* v. *CCC Atl., LLC,* 905 F.Supp. 2d 604, 610 (D.N.J. 2012) (citing *Common Cause* v. *Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009)).  Facial attacks concern an insufficiency on the *face* of the pleadings. In considering facial attacks, the court must accept the complaint's

13

allegations as true. *Wells Fargo Bank, N.A.,* 905 F. Supp. 2d at 11.  Factual

challenges, on the other hand, contest the accuracy of the challenged facts.  *CNA* v.

*United States,* 535 F.3d 132, 139 (3d Cir. 2008).

2.   Complete diversity exists between the parties, and AEI failed to
assert otherwise.

In the complaint, Lincoln Benefit alleged that its own citizenship is in

Nebraska and alleged "upon information and belief" that AEI is a citizen of New

York.  In seeking to dismiss the complaint, AEI did not dispute the accuracy of

these allegations.  AEI instead asserted a facial attack, contending that Lincoln

Benefit insufficiently alleged the defendant's citizenship because Lincoln Benefit

did not identify the citizenship of the members of AEI.

This Court has rejected similar jurisdictional arguments in instances where

citizenship information was not available to the plaintiff.  By way of example, in

*Lincoln National Life Insurance Co.* v. *Yael Schwarz & Ernst Schwarz as trustees*

*of the Valeria Schwarz Irrevocable Life Insurance Trust,* Case No. 09-03361, 2010

U.S. Dist. LEXIS 85044 (D.N.J. Aug. 18, 2010), Your Honor confronted this very

issue.  In a motion to dismiss the *Schwarz* complaint, the defendant-trust argued

that the plaintiff-insurer improperly failed to identify the citizenship of the

beneficiaries of the defendant-trust.  This Court rejected the defendant-trust's

jurisdictional argument and held that the plaintiff-insurer "sufficiently plead

federal diversity jurisdiction."  *Id.*, at * 11.  Your Honor explained: "[T]he reason

Lincoln did not plead identity of the beneficiary is because it cannot; the Trust was not clearly identified in the applications."  Your Honor further explained that "[t]here is no mention, or any dispute, that any of the parties, the Trust or otherwise, are located in Indiana [the state in which the plaintiff was incorporated]."  *Id.*  The Court contemplated an amendment of the complaint in the event that the identit(ies) of the beneficiaries were revealed during discovery.

Here, as in *Schwarz,* AEI did not assert that any of the defendants is a citizen of Nebraska. In addition, like the second-layer information concerning the citizenship of the beneficiaries of the defendant-trust in *Schwarz,* information concerning the citizenship of the members of the defendant-LLC is not available to Lincoln Benefit.  For that reason, Lincoln Benefit did not allege the citizenship of the members of the defendant-LLC.  In the event that discovery reveals the identities of the members of the defendant-LLCs, Lincoln Benefit will amend the complaint accordingly to reflect the information regarding their respective citizenship.

Further, not only did this Court reject a similar facial attack in *Schwarz,* cases on which AEI relies are inapposite. In *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), for example, the Third Circuit held that the district court lacked subject matter jurisdiction when information was revealed during the district court proceedings concerning the non-diverse citizenship of a

member of the LLC-defendant.  *Id.*  Unlike this case, however, information on the record established that the member of the defendant-LLC was non-diverse.  *Id.* at 418-19.  As discussed above, no such information has been offered by AEI, and there is no suggestion that such information, even if made available to Lincoln Benefit, would deprive the Court of subject matter jurisdiction.

The remaining cases cited by AEI are also distinguishable.  In *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 344 (3d Cir. 2013), the Third Circuit held that the citizenship of a defendant-holding company is determined by the citizenship of its sole member LLC.  The Third Circuit focused its analysis on various theories of corporate liability applicable to large holding companies and their respective sole-member LLCs.  The circumstances in that case were very different from those presented here, where the members of the LLC-defendant (AEI) are presumably individuals and not publicly known.  *Johnson* is also distinguishable because there was ample evidence on record (some of which was disputed) regarding the citizenship of the defendants.  *Id.* at 344 (determined citizenship of members of LLC after "six judges from the Eastern District of Pennsylvania [] ruled on the issue of the [defendants'] citizenship," and "[f[our of them concluded that [the defendants] are Pennsylvania citizens" while two of them "reached the opposite conclusion").  Similarly, in *Fifth Third Bank v. Flatrock 3, LLC*, No. 06051 DMC-JAD, 2010 WL 2998305 (D.N.J. July 21, 2010), there was a

16

question as to the citizenship of one of the defendants for purposes of diversity due

to how the *original* complaint alleged the particular defendant was a Delaware

limited partnership, which would have destroyed diversity, but a *subsequent*

*amended complaint* only asserted that the general partner was a citizen of New

Jersey. *Id.* Based on the lack of clarity as to the defendant's citizenship, the court

required that the plaintiff clearly allege the citizenship of the individual members

of the defendant-entity. *Id.*[2]

*J & B Realty Associates, LLC v. HH & P Mfg., LLC*, No. 11-2885 MLC,

2011 WL 2039114 (D.N.J. May 23, 2011), is also distinguishable from the present

case. In that case, the plaintiff failed to properly establish its own citizenship, in

addition to the defendant's. The failure to establish its own citizenship alone was

likely grounds for the court to dismiss the complaint. Moreover, the plaintiff was

permitted to file a motion to reopen and an amended complaint – after ascertaining

the citizenship of the individual members of the defendant LLC. Here, in contrast,

information concerning the members of AEI is not publicly available, and

---

[2] The plaintiff also had alleged in the complaint that "upon information and belief" the members of another LLC defendant were citizens of New York. *Fifth Third Bank v. Flatrock 3, LLC*, No. 06051 DMC-JAD, 2010 WL 2998305 (D.N.J. July 21, 2010). The court agreed with the defendant that this was insufficient to establish diversity and that the citizenship of each membership layer must be traced to determine citizenship. *Id.* However, again, this is distinguishable from the case at hand, where Lincoln Benefit has continually expressed that it does not have access to this information. Rather, in the complaint, Lincoln Benefit alleged that "[u]pon information and belief, Defendany AEI Life, LLC is a citizen of and domiciled in the state of New York, and Defendant AEI Life, LLC maintains its principal address at 1428 36th Street, Ste. 219, Brooklyn, New York 11218." *See* Compl. ¶ 8.

17

therefore it is impossible for Lincoln Benefit to allege such information based on its personal knowledge.

AEI next cites to *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Grasso*, No. 10-5299 MLC, 2011 WL 43017 (D.N.J. Jan. 6, 2011), a case in which the court dismissed the complaint based on the plaintiff's failure to establish the citizenship of the individual members of the defendant-LLC.  In *Grasso*, however, the court dismissed the complaint without prejudice, instructing the plaintiff to allege the LLC's members' citizenship, presumably based on the notion that the plaintiff already had access to this information.  *Id.* at *2.  Unlike *Grasso*, Lincoln Benefit does not have access to information concerning the LLC members.  Thus, in the absence of AEI's disclosure of this information, it is not possible for Lincoln Benefit to allege the citizenship of AEI's members.  Importantly, AEI, the entity that clearly must have knowledge of its own members' citizenship, does not argue that the parties are non-diverse, but maintains merely a facial attack.

AEI also takes issue with Lincoln Benefit's allegations made "upon information and belief."  AEI cites to *J & B Realty Associates, LLC v. HH & P Mfg., LLC*, No. 11-2885 MLC, 2011 WL 2039114 (D.N.J. May 23, 2011); however, in *J&B*, the plaintiff was able to investigate the individual LLC members and file an amended complaint accordingly.  Here, Lincoln Benefit does not have this option because information concerning the members of AEI is not publicly

available.  AEI also cites to *Vail v. Doe*, 39 F. Supp. 2d 477 (D.N.J. 1999), for the

proposition that Lincoln Benefit cannot allege citizenship "upon information and

belief."  However, *Vail* concerned an entirely different set of facts involving an

individual, unknown defendant who sent defaming emails.  Although the plaintiff

had found the emails were coming from New York, the court determined this was

insufficient evidence to conclude "upon information and belief" that the defendant

was a citizen of New York.  In contrast, the present dispute concerns an LLC

defendant where information concerning the LLC members is not publicly known.

        In the event that discovery reveals information concerning the members of

AEI or Lincoln Benefit otherwise learns information suggesting that any of the

defendants is a citizen of Nebraska, Lincoln Benefit will advise the Court and

amend the complaint accordingly.  Although "the party asserting diversity of

citizenship as a basis for subject matter jurisdiction bears the burden of proof on

that issue," *Travelers v. Broadway West Street Associates,* Case No. 92-5650, 1994

U.S. Dist. LEXIS 5828 (S.D.N.Y. May 5, 1994) (citing *Baker v. Latham*

*Sparrowbush Assocs.,* 808 F. Supp. 992 (S.D.N.Y. 1992)), limited discovery is

often permitted to allow the plaintiff access to information concerning citizenship

of the parties. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 336 (3d Cir.

2009) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340,351 n.13 (1978)).

"Where issues arise as to jurisdiction or venue, discovery is available to ascertain

the facts bearing on such issues." *Id.* The language used by Lincoln Benefit in the complaint sufficiently conveys Lincoln Benefit's belief as to the citizenship of the parties after reasonable investigation. However, in the event the Court seeks more information, Lincoln Benefit respectfully requests leave for limited jurisdictional discovery.[3]

## IV.   <u>CONCLUSION</u>

AEI's motion to dismiss should be denied because the Court has personal jurisdiction over AEI, and as Lincoln Benefit properly alleged on the face of the complaint, all defendants are diverse.  Lincoln Benefit alternatively requests the opportunity to take limited jurisdictional discovery to confirm the nature and extent of AEI's contacts with New Jersey and to obtain information regarding the citizenship of the members of AEI.

Dated: January 21, 2014

By:   /s/ Katherine Villanueva
Jason P. Gosselin
Katherine L. Villanueva
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700
Jason.Gosselin@dbr.com

---

[3] Lincoln Benefit is also amenable to amending the complaint to omit "upon information and belief" in the event the Court deems publicly-available information sufficient to form a basis of personal knowledge.

## CERTIFICATE OF SERVICE

I, Katherine Villanueva, hereby certify that I caused a true and correct copy of the

foregoing response and accompanying exhibits to be served on the following parties via ECF:

MICHAEL PANETH
TREFF & LOWY PLLC
342 BEDFORD AVENUE
BROOKLYN, NY 11249
718-599-3500
Fax: 718-387-6282
Email: mpaneth@trefflowy.com

*Attorney for ALS Capital Ventures, LLC*

AVI ROSENGARTEN
1704 AVENUE M
BROOKLYN, NY 11230
718-627-4460
Email: rosengartenlaw@gmail.com

*Attorney for Joel Jacob and JRJ Services*

DAVID BENHAIM
LIPSIUS-BENHAIM LAW, LLP
80-02 KEW GARDENS ROAD
SUITE 1030
KEW GARDENS, NY 11415
212-981-8440
Fax: 888-442-0284
Email: dbenhaim@lipsiuslaw.com

*Attorney for Innovative Brokers*

ERIC BIDERMAN
ARENT FOX LLP
1675 BROADWAY
NEW YORK, NY 10019
Email:  eric.biderman@arentfox.com

*Attorneys for AEI Life, LLC*

/s Katherine Villanueva_____
Katherine Villanueva