UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 13-4117(FLW-LHG) |
| v. : | |
| : | OPINION |
| AEI LIFE, LLC, ALS CAPITAL : | |
| VENUTRES, LLC, JOEL JACOB, : | |
| INNOVATIVE BROKERS, JRJ : | |
| SERVICES, INC., : | |
| : | |
| Defendants. : | |
| : | |

**WOLFSON, United States District Judge**:

Before the Court are 1) the Motion of ALS Capital Ventures, LLC ("ALS"), to dismiss the Complaint against it by Lincoln Benefit Life Company ("Plaintiff") for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); 2) the Motion of Defendant Innovative Brokers ("Innovative") to dismiss the Complaint against all Defendants for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and 3) the Motion of Defendant AEI Life, LLC ("AEI"), to dismiss the Complaint against all Defendants for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and, in the alternative, to dismiss the Complaint as against AEI for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Also before the Court is the request of Plaintiff, in briefing, for jurisdictional discovery to cure any defects in the pleadings to establish personal or subject matter jurisdiction.

1

For the reasons that follow, this Court finds that Plaintiff's Complaint does not on its face allege the necessary basis for subject matter jurisdiction over claims against ALS and AEI ("ALS and AEI" or "the LLC Defendants"). Specifically, Plaintiff has not adequately pled the citizenship of the LLC Defendants and thus has failed to assert the complete diversity of the parties required for jurisdiction under 28 U.S.C. § 1332. This Court also finds Plaintiff's arguments concerning jurisdictional discovery to be unavailing and denies Plaintiff's request. Accordingly, Plaintiff has not met its burden and the Complaint is dismissed without prejudice.

I. Background and Procedural History

On July 3, 2013, Plaintiff filed a Complaint in this Court against all Defendants seeking a declaratory judgment under 28 U.S.C. § 2201 that two life insurance policies issued on the life of Ms. Gabrielle Fischer are void or voidable due to material misrepresentations made in the insurance applications and/or due to the lack of an insurable interest at the time of the policy's inception. Specifically, the Complaint alleges that Defendants Joel Jacob, Innovative Brokers, and JRJ Services, Inc., engaged in a stranger originated life insurance or "STOLI" scheme in which they submitted false or deceptive applications for two $6.65 million life insurance policies on the life of Ms. Fischer. Generally, STOLI schemes conflict with state insurance laws, which require that policy owners have a legally cognizable interest in the life of the insured at the time that policies are issued (*e.g.* a family relationship).[1] The Complaint alleges that these Defendants

---

[1] *See* discussion of STOLI transactions in *Lincoln Nat. Life Ins. Co. v. Schwarz*, 2010 WL 3283550, *1 (D.N.J. Aug. 18, 2010) ("A typical STOLI transaction begins with an agent who sells a life insurance policy to an elderly insurable candidate in exchange for up-front cash. The agent explains that the candidate can obtain the policy at virtually no cost to the insured because the agent has secured non-recourse financing to purchase the policy. The elderly insured, in turn,

2

falsely represented in their applications that the policies were for the purpose of estate planning for Ms. Fischer's family and that Ms. Fischer had a net worth of $87 million, when in fact the Defendants intended from the outset to sell the policies on the secondary market and Ms. Fischer never had the assets to justify such a high valuation. Plaintiff further alleges that the LLC Defendants, ALS and AEI, purchased the ownership interest in the two policies on the secondary market: interests which are alleged to have been voided by the procuring parties' lack of a legitimate insurable interest in Ms. Fischer's life at the time of policy origination.

The Complaint invokes the jurisdiction of this court based upon the complete diversity of citizenship between Plaintiff and Defendants. 28 U.S.C. § 1332(a). Plaintiff Lincoln Benefit, a life insurance company organized under the laws of Nebraska with its principal place of business in Lincoln, Nebraska, is identified as a citizen of the State of Nebraska. [Complaint, ¶ 7]. Defendant Innovative Brokers, a corporation organized under the laws of New York with its principal place of business in Brooklyn, New York, is identified as a citizen of the State of New York. [Complaint, ¶ 11]. Defendant AEI Life, a limited liability company with its principal address in Brooklyn, New York, is identified as a citizen of the State of New York. [Complaint, ¶ 8]. Lastly, for the purpose of the present Motions, Defendant ALS Capital Ventures, a limited

---

promises to sell the policy in the future to a lender if certain conditions are not met. The insured then acts as a "nominal grantor" of a life insurance trust that is used to apply for the policy. At that time, the agent will tell the insured that, in all probability, the policy will be sold to investors for a price that will pay the loan and accrued interest, leaving a profit to be split between the agent and the insured. If the insured is still alive following the expiration of the two-year contestability period found in the policy, the owner-the life insurance trustee-typically has three options: (1) sell the policy to investors; (2) have the insured pay off any outstanding debt and allow the insured to retain the policy; or (3) transfer the policy to a lender in order to avoid foreclosure. *Id.* Because these individual lenders have no interest in the life of the insured other than their hope to profit from their deaths, and life insurance companies are finding themselves owing on more and more policies, courts across the country are evaluating the legitimacy of such STOLI plans.")(internal citations omitted).
3

liability company "domiciled in the State of Delaware," is identified as a citizen of the State of Delaware. [Complaint, ¶ 9].

On September 16, 2013, Defendant ALS Capital Ventures, LLC, moved to dismiss the Complaint for lack of personal jurisdiction, arguing that ALS lacks the requisite contacts with the forum state of New Jersey. Defendant Innovative followed on October 1, 2013, with a Motion to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the Complaint on its face does not properly allege the citizenship of the LLC Defendants and that, accordingly, complete diversity has not been alleged. Finally, Defendant AEI Life, LLC, on December 20, 2013, moved to dismiss the Complaint both for lack of subject matter jurisdiction for failure to properly allege the citizenship of the LLC Defendants and for lack of personal jurisdiction over AEI by reason of the absence of contacts with the forum state.

In its responses to all three motions, Plaintiff argues that complete diversity of the parties had been sufficiently alleged, or, in the alternative, that jurisdictional discovery should be granted to determine the existence of subject matter and personal jurisdiction because Plaintiff has been unable to do so from publicly available information. Because the Court finds the inquiry into subject matter jurisdiction in this case to be dispositive, it will not address the arguments of the parties concerning personal jurisdiction. Accordingly, the Court now proceeds to consider Defendants' challenges to the Court's subject matter jurisdiction as pled in the Complaint.

II. Standard of Review

Fed. R. Civ. P. 12(b)(1) permits a party, by motion, to challenge the subject matter jurisdiction of a federal court. "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. Facial attacks . . . contest the sufficiency of the pleadings." *Common Cause of Pa. v. Pa.*, 558 F.3d 249, 257 (3d Cir. 2009) (citations omitted). "When considering a facial attack under Rule 12(b)(1), the court must consider the allegations of the complaint as true." *Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F.3d 293, 300 (3d Cir. 2002)(internal quotations omitted). Phrased differently, "[i]f a defendant does not challenge the facts alleged in the plaintiff's pleadings, a court may rule on the motion by accepting these allegations as true." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citing *Gould Elec. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). If however, defendant makes a factual challenge and "contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *Id.* Even in cases where no party raises a challenge, the Court has an independent obligation to determine its subject matter jurisdiction over all matters before it. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002).

Plaintiffs, as the parties invoking the federal courts' jurisdiction, bear the burden of demonstrating that jurisdiction is proper. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). In § 1332 cases, "[a] party generally meets this burden by proving diversity of citizenship by a preponderance of

the evidence." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). When considering the sufficiency of the pleadings, "[i]t is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 78–79 (1969 & Supp. 2005)).

Two of the Defendants in this case are limited liability companies, or LLCs. Partnerships and other unincorporated associations, including LLCs, are "not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 (3d Cir. 2008)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)). Instead, "the citizenship of a limited liability company 'is determined by the citizenship of each of its members.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever absent, he has the intention of returning." *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 208 n. 24 (3d Cir. 2007). Accordingly, in the context of LLCs, "the complete diversity requirement demands that all [members of the LLC] be diverse from all parties on the opposing side." *Swiger*, 540 F.3d at 183. The core dispute in the present motions concerns whether the allegations in the Complaint are sufficient to establish complete diversity between Plaintiff and the LLC Defendants.

III. Jurisdiction

In the Complaint, Plaintiff asserts that this Court has jurisdiction over this matter, "pursuant to 28 U.S.C. § 1332(a)(1), because: (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) there is complete diversity between Lincoln Benefit and Defendants." Complaint, ¶ 13. The parties do not contest that the requisite amount in controversy is at stake. Instead, the dispute over subject matter jurisdiction concerns only the adequacy of the allegations of the diversity of the parties. Reading the filings of all Defendants together, for the purposes of the present motions to dismiss the Complaint for lack of subject matter jurisdiction, the only two allegations in the Complaint challenged are those concerning the citizenship of Defendants AEI and ALS. Specifically, in the Complaint, Plaintiff asserts:

> 8. Upon information and belief, Defendant AEI Life, LLC is a citizen of and domiciled in the State of New York, and Defendant AEI Life, LLC maintains its principal address at 1428 36th Street, Ste. 219, Brooklyn, New York 11218. Defendant AEI Life, LLC is the record owner of Policy No. 01N1404934.
>
> 9. Upon information and belief, Defendant ALS Capital Ventures, LLC is a citizen of and domiciled in the State of Delaware. Defendant ALS Capital Ventures is the record owner of Policy No. 01N1404844.

Complaint, ¶¶ 8-9. Defendant AEI argues that because both AEI and ALS are limited liability companies, Plaintiff was required to plead the citizenship of each of AEI's and ALS's members in order to meet its burden of establishing this Court's subject matter jurisdiction. Defendant Innovative makes the same argument, but also contends that assertions based purely "on information and belief" are insufficient to meet the pleading standard in diversity cases. As noted in the standard of review above, Defendants are correct that the complete diversity requirement mandates that Plaintiff both plead the citizenship of each member of the defendant LLCs and allege that these citizenships differ from that of Plaintiff. *Johnson*, 724 F.3d at 348. The Court

finds that Plaintiff has not properly pled the citizenship of Defendants ALS and AEI, because the members of each LLC are not identified in the Complaint. I therefore decline to reach Innovative's argument concerning the sufficiency of citizenship allegations made "on information and belief."

Before considering the specific allegations in this case, I first note that Defendants' challenges present purely facial attacks upon the sufficiency of the pleadings. [Innovative Brief in Support of Motion, 2-3, hereinafter "Innovative Brief"; AEI Brief in Support of Motion, 17, hereinafter "AEI Brief"]. Neither AEI nor Innovative Brokers claims that complete diversity does not factually exist in this case.[2] *Id.* Accordingly, I take Plaintiff's allegations as true in considering their adequacy. Beginning with AEI, it is clear that Plaintiff has not identified any of the members of the LLC, and therefore necessarily has not alleged any of their domiciles. Instead, Plaintiff alleges only that AEI itself is a domiciliary of New York and that its "principal address" is in Brooklyn New York. The former assertion is insufficient on its own to prove diversity. *See, e.g.*, *J & B Realty Assoc., LLC v. HH & P Mfg., LLC*, No. 11-2885, 2011 WL 2039114, *1 (D.N.J. May 23, 2011). The latter is irrelevant to the citizenship of an LLC.

---

[2] In briefing, Plaintiff argues that the failure of Defendants to factually challenge the existence of diversity in this case through the introduction of proof that one or more of the members of the subject LLCs actually is a citizen of Nebraska compels a finding that the Court should proceed under the presumption of subject matter jurisdiction until such proof is forthcoming. [*See* Plaintiff's Response Brief to Motion of AEI, 14-15; Plaintiff's Response Brief to Motion of Innovative, 7]. Plaintiff's argument wrongly inverts the allocation of the burden of proof when parties avail themselves of the federal trial court's limited diversity jurisdiction. The party invoking jurisdiction bears the burden of affirmatively asserting diversity. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). It is not incumbent upon defendants to actively prove that no diversity exists. Unlike personal jurisdiction, which may be waived by the parties, the federal courts have an independent obligation to determine their subject matter jurisdiction over the matters before them. Accordingly, even if Defendants had not raised a 12(b)(1) challenge to the Complaint, this Court would still have had to determine the sufficiency of Plaintiff's pleadings to establish subject matter jurisdiction.

*Johnson*, 724 F.3d at 350. On its face then, the allegation in paragraph 8 of the Complaint is inadequate to plead the citizenship of Defendant AEI. Moving on to ALS, Plaintiff similarly has not identified any of the members of the LLC, and again has not alleged any of the individual members' domiciles. Instead, Plaintiff asserts that ALS is itself "a citizen of and domiciled in" Delaware. Such general allegations do not meet the burden of proof placed upon plaintiffs in the LLC context. Accordingly, the allegation in paragraph 9 also is inadequate on its face to plead the citizenship of Defendant ALS. Plaintiff has not met its burden to demonstrate the Court's subject matter jurisdiction over this case. The only remaining issue, therefore, is Plaintiff's request for jurisdictional discovery as an alternative to dismissal.

IV. Availability of Jurisdictional Discovery

The parties have not provided, and this Court has not identified, any binding precedent governing the availability of jurisdictional discovery to determine subject matter jurisdiction in diversity cases. In fact, the persuasive precedent available convincingly suggests that the Third Circuit has not decided the issue.[3] *See Fameco Real Estate, L.P. v. Bennett*, 2013 WL 1903490,

---

[3] This Court has identified only one case in which the Circuit has allowed jurisdictional discovery for the purpose of determining subject matter jurisdiction. *See Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 (3d Cir. 1993) ("We agree with other courts of appeals that sovereign immunity is a 'critical preliminary determination' of subject matter jurisdiction for which the parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue. *E.g., Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 449 (D.C.Cir.1990); *Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 451 (6th Cir.1988). However, we caution that 'discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction.' *Gould,* 853 F.2d at 451."). The Court has not identified any similar precedent in the diversity context.

*6 n. 8 (D.N.J. May 7, 2013) ("We recognize that jurisdictional discovery may be appropriate in some cases. In the Third Circuit, jurisdictional discovery is available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction. Here, however, Defendants seek jurisdictional discovery related to subject matter—not personal—jurisdiction. The Third Circuit has not directly addressed . . . the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction.")(internal citations omitted); *Fifth Third Bank v. Flatrock, LLC*, 2010 WL 2998305, *4 (D.N.J. Jul. 21, 2010); *Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc.*, 2009 WL 3260629, *2 (D.N.J. Oct. 9, 2009). This contrasts starkly with the state of the law in personal jurisdiction disputes. There, the Third Circuit has made jurisdictional discovery broadly available, particularly in the case of corporate defendants. *See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("Our rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.' . . . Further, jurisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state. Where the defendant is an individual, the presumption in favor of discovery is reduced.")(internal citations and quotations omitted); *Accord Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009).[4]

In the absence of controlling precedent, I find two lines of cases from this district to be instructive.[5] In the first line of cases, beginning with *Coleman v. Chase Home Finance, LLC*,

---

[4] *Contra* Plaintiff's assertions in briefing, *Metcalfe* dealt with grants of "discovery on the question of personal jurisdiction." 566 F.3d at 336.
[5] Plaintiff argues that this Court's decision in *Lincoln Nat. Life Ins. Co. v. Schwarz*, 2010 WL 3283550 (D.N.J. Aug. 18, 2010), should control in this case. In *Lincoln*, this Court found subject matter jurisdiction over a Complaint in which the beneficiaries of a trust were not identified for diversity purposes. In addition to not addressing diversity jurisdiction in the LLC context, *Lincoln* is also distinguishable on other factual grounds. Firstly, the plaintiff in *Lincoln* alleged

2009 WL 1323598, *3-4 (D.N.J. May 11, 2009), one judge in this district has read the Third Circuit's broad grant of jurisdictional discovery in the personal jurisdiction context in *Massachusetts School of Law* to apply equally in disputes over subject matter jurisdiction. Specifically, the *Coleman* court opined in relevant part:

> As stated above, the Court has an independent obligation to determine subject matter jurisdiction, and it is well-established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *S. Freedman and Co., Inc. v. Raab,* 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted). Therefore, the Court will instruct the parties to engage in jurisdictional discovery in order to concretely establish—or not—this Court's jurisdiction over this limited liability company defendant. *See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997) ("Our rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'"). Thereafter, Coleman shall file an amended complaint, consistent with Fed. R. Civ. P. 11, setting forth the proper jurisdictional allegations.

Id. at *4. The plaintiff in *Coleman* alleged only that the LLC defendant was itself a citizen of a different state; no mention was made in the complaint of the LLC's members. *Id*. at *1. Relying on *Massachusetts School of Law*, the *Coleman* court ordered jurisdictional discovery as to the citizenship of the members of the defendant LLC and granted leave to amend the complaint to

---

that Defendants intentionally withheld the identities of the trust beneficiaries to obstruct plaintiff and others similarly situated. *Id.* at *3. In this case Plaintiff contends that it has not been able to uncover the members of the LLC Defendants from publicly available sources, but makes no allegation of bad faith on the part of the LLCs, who are admittedly secondary purchasers of the policies, not those engaged in the initial allegedly fraudulent procurement. Secondly, the insurance applications made in *Lincoln* did not clearly identify the Trust beneficiaries. *Id.* Here, there is no question of the original beneficiaries of the insurance policies purchased on Ms. Fischer's life or the identities of the purchasers of those policies. The only question is the routine matter of identifying the members of LLCs organized under state law. Such entities are regularly sued in federal court, and Plaintiff's protestations of incapacity to discern the members' citizenship are unpersuasive without some additional showing as in *Lincoln*. In this case, however, the Court need not, and does not decide whether there are some circumstances in which discovery to determine jurisdiction over the subject matter may be equitably appropriate. This is not a case in which the LLC is alleged to have acted in bad faith in obscuring the identities of its members. Instead Plaintiff proposes a rule whereby, having pled that the parties are diverse generally, it should be granted discovery to add the specific information on the members of the LLC required for subject matter jurisdiction. [Plaintiff's Response Brief to Motion of Innovative, 10].

reflect the discovered information. The same judge again embraced this approach in *Rowen Petroleum Props., LLC v. Hollywood Tanning Systems, Inc.*, 2009 WL 1085737, *7 n. 11 (D.N.J. Apr. 20, 2011).

I find the approach in *Coleman* unpersuasive. The *Coleman* court's very brief analysis of the jurisdictional discovery issue relied entirely upon language from *Massachusetts School of Law*: "Our rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" 107 F.3d at 1042. That case dealt with the availability of jurisdictional discovery to determine the federal court's personal jurisdiction over a defendant. *Id.* In fact, the Circuit Court in *Massachusetts School of Law* explicitly drew the "unless clearly frivolous" standard from language in *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357 (3d Cir. 1983). The source language from that case makes it abundantly clear that the "unless clearly frivolous" standard was meant to apply only in personal jurisdiction cases:

> In any action the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction. Where the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.

*Id.* at 362. Without further support or articulation, I find reliance upon *Massachusetts School of Law* in the context of subject matter jurisdiction to be misplaced.

The second line of cases in this district, however, is persuasive. Beginning with *Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc.*, 2009 WL 3260629 (D.N.J. Oct. 9, 2009), several judges in this district have declined to grant jurisdictional discovery for the purpose of establishing subject matter jurisdiction. The judges have reasoned that to do otherwise would defang jurisdictional pleading requirements and impose an unnecessary supervisory burden upon the courts. The *Everything Yogurt* court opined:

In the Third Circuit, jurisdictional discovery is ordinarily available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 336 (3d Cir. 2009). The Third Circuit has not directly addressed, however, the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction. The reasoning in *Emerald Investors Trust v. Gaunt Parsippany Ptnrs,* 492 F.3d 192, 203 (3d Cir. 2007), however, is quite relevant.

In *Emerald,* the Court considered the question of how to determine the citizenship of a trust for purposes of diversity jurisdiction. *Id.* at 201. The Court evaluated four possible tests. *Id.* The Court rejected one option (the "Wright & Miller rule") because it would require jurisdictional discovery:

> The problem with this rule is that it places a great and unnecessary burden on both the litigants and the courts themselves. The Wright & Miller rule would require that in each case where a trust is a party and the plaintiff relies on the court's diversity of citizenship jurisdiction, the court would have to monitor jurisdictional discovery to the same extent that it monitors any discovery in the case, and make findings with respect to the roles of the trustee and beneficiary in the affairs of the trust, all in a case that might be dismissed, or, if removed from a state court, remanded to it.

*Id.* at 203. Furthermore, in support of its decision, the Court quoted *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1183 (9th Cir. 2004): "[J]urisdictional rules should be as simple as possible, so that the time of litigants and judges is not wasted deciding where a case should be brought and so that fully litigated cases are not set at naught." *Emerald,* 493 F.3d at 203.

This reasoning relates clearly and directly to the issue at hand. Defendants seek the kind of jurisdictional discovery that the Third Circuit has held to be unnecessarily burdensome, especially when a case may be remanded to state court. Defendant's request for jurisdictional discovery will be denied.

2009 WL 3260629 at *1-2. In short, the *Everything Yogurt* court found that a rule granting jurisdictional discovery to determine subject matter jurisdiction would carry too great a risk that the district court would supervise the jurisdictional discovery process only to later dismiss or remand the case after jurisdiction was found lacking. The logic of the Third Circuit's holding in *Emerald Investors* directly counseled against the courts taking on such risks and expanding the responsibility of the courts to oversee an additional, threshold level of discovery. After discussing *Everything Yogurt* at length, the court in *Fifth Third Bank v. Flatrock 3, LLC*, 2010

WL 2998305, *4 n. 4 (D.N.J. Jul. 21, 2010), further articulated the reasoning weighing against jurisdictional discovery to determine subject matter jurisdiction:

> Notably, the Court can conceive of [a] distinction in jurisdictional discovery as it pertains to personal jurisdiction and subject matter jurisdiction. Although a party may waive personal jurisdiction, *see Zelson v. Thomforde,* 412 F.2d 56, 59 (3d Cir. 1969), "it is well-settled that a party can never waive lack of subject matter jurisdiction." *Brown v. Phila. Housing Auth.,* 350 F.3d 338, 347 (3d Cir. 2003). To that end,
>
>> [s]ubject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.
>
> *Id.* (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L. Ed. 2d 492 (1982)). In requesting the Court to permit jurisdictional discovery, essentially Plaintiffs invite the Court to exercise limited subject matter jurisdiction, an authority that may not otherwise be present, for the purposes of establishing the existence of diversity jurisdiction. In fact, to the contrary, Fed. R. Civ. P. 12(h)(3) imposes a continuing obligation on the court to dismiss the action "whenever it appears ... that the court lacks jurisdiction of the subject matter." *Brown,* 350 F.3d at 347.

This Court agrees with the reasoning in *Fifth Third Bank*.[6] Plaintiff has provided no law to encourage this Court to exercise the sort of "limited subject matter jurisdiction" decried in *Fifth Third Bank*. Moreover, Plaintiff admits that it brought the present action without actually knowing the members of the Defendant LLCs. [Plaintiff's Response Brief to Motion of Innovative, 4 ("Further, since information concerning the citizenship of the members of the LLC-defendants was not (and is not) available to Lincoln Benefit, Lincoln Benefit did not allege

---

[6] While it did not explicitly disavow its previous decisions, the district court judge who decided *Coleman* and *Rowen* recently discussed the holding in *Fifth Third Bank* and acknowledged that other courts in the district have found no Third Circuit rule governing the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction. *Witasick v. Hambrecht*, 2013 WL 1222680, *6 n. 10 (D.N.J. Mar. 25, 2013).

such information on the face of the complaint.")]. Accordingly, this is not even a case in which Plaintiff has alleged diversity of the members on information and belief. Without knowing the identify of any of the members of ALS or AEI, Plaintiff could not do so in good faith. Instead, Plaintiff asks this Court to allow it to bring the Complaint without having pled diversity and to further provide Plaintiff with discovery to determine whether the Complaint was properly brought. I am not inclined to lessen Plaintiff's well-established burden to plead the basis of subject matter jurisdiction. Taken together with the Court's reservations about the implications of an alternative rule for judicial economy, the importance of enforcing jurisdictional pleading requirements counsels against granting discovery in this case. Accordingly, Plaintiff's request is denied.

Conclusion

For the foregoing reasons, this Court finds that the Complaint, on its face, does not assert the complete diversity of Plaintiff and Defendants required to establish the subject matter jurisdiction of the federal courts under 28 U.S.C. § 1332. Defendants ALS and AEI are limited liability companies, whose citizenship is established by the domiciles of their members. The Complaint fails to include any such information about the members, and the Plaintiff, in briefing, admits that it brought the action without knowing any such information. While Plaintiff has requested jurisdictional discovery as an alternative to dismissal, the Court finds that in the context of subject matter jurisdiction, factors of judicial economy and the Federal Rules' allocation to Plaintiff of the burden for establishing the court's jurisdiction counsel in favor of dismissal. Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

Order to follow.


Dated:   4/4/2014              /s/ Freda L. Wolfson
                               The Honorable Freda L. Wolfson
                               United States District Judge